UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCKED OFFROAD, LLC,

    Plaintiff,

v.                                        Case No:  8:22-cv-2564-MSS-NHA

CARBON SHOCK TECHNOLOGIES,
INC. and DANIEL SACH,

    Defendants.
_____/

## ORDER

I grant in part and deny in part Defendants' Motion to Compel Production of Locked Offroad's Tax Returns (Doc. 57). I grant Plaintiff's Motion to partially Modify the Case Management and Scheduling Order (Doc. 60).

### I. Background

Plaintiff alleges that Carbon Shock Technologies, Inc. (CSTI) breached a June 2021 contract (Count One), and that CSTI and Daniel Sach tortiously interfered with Plaintiff's business relationships (Count Two). (Doc. 1-3.)

### II. Defendant's Motion to Compel Plaintiff's Tax Returns (Doc. 57)

To help them evaluate Plaintiff's damages claim, Defendants requested Plaintiff's tax returns from 2018 to present. (Doc. 57-1, p. 21 (requesting

returns from 2017 onward); Doc. 57-3 (narrowing request to returns beginning in 2022)). Plaintiff refused to produce them, absent a confidentiality agreement. (Doc. 57, p. 4; Doc. 58.) Defendants declined to enter into a confidentiality agreement and moved to compel production. (Doc. 57, p. 4.) Defendants also moved for attorneys' fees incurred in litigating the motion. (*Id.,* pp. 14–15.)

Plaintiff responded (Doc. 58) by noting it had repeatedly offered to produce the requested tax returns subject to a confidentiality agreement, supplying its proposed confidentiality agreement (Doc. 58-1) which Defendants had wholly rejected (Doc. 57, p. 4), and asking the Court to impose a protective order incorporating the terms of the proposed agreement.

On August 7, 2024, I held a hearing on the motion. At the hearing, Plaintiff explained that, because Plaintiff is a single-owner LLC, the tax returns the Defendant sought would include information about the finances of the individual owner and his wife. The Defendants agreed that this constituted good cause to warrant confidential treatment of the returns. The Defendants further asserted that they only objected to three paragraphs of Plaintiff's proposed "Discovery Confidentiality Order" (Doc. 58-1), only one of which (paragraph 6) dealt with the treatment of confidential information. As to paragraph 6, Defendant asked the 30-day period for parties to designate certain deposition material "Confidential" be reduced to 14 days. Plaintiff did

not object to shortening the notice period.

I find Plaintiff's tax returns are relevant to Plaintiff's claim of lost profits and are therefore discoverable under Rule 26 of the Federal Rules of Civil Procedure. Indeed, Plaintiff does not dispute this. Therefore, I order Plaintiff to produce its tax returns from 2018 to the present. However, pursuant to Federal Rule of Civil Procedure 26(c), I find good cause to protect the treatment of that material.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by, for example, specifying terms governing the production of certain discovery materials. FED. R. CIV. P. 26(c)(1). Courts in this District have found the sensitive financial information in tax returns can warrant entry of a confidentiality agreement or protective order. *Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 6:11-CV-1905-ORL-19, 2013 WL 5770598, at *2 (M.D. Fla. Oct. 24, 2013); *Schumann v. Collier Anesthesia, P.A.*, No. 2:12-CV-347-FTM-29CM, 2014 WL 1285910, at *3 (M.D. Fla. Mar. 28, 2014); *E.E.O.C. v. DiMare Ruskin, Inc.*, No. 2:11-CV-158-FTM-36, 2011 WL 3715067, at *4 (M.D. Fla. Aug. 24, 2011).

Given Plaintiff's proffer that the requested tax returns contain the financial information of two individuals, I find good cause for an order protecting the treatment of the tax returns. Defendants no longer contest

Plaintiff's request for confidentiality protections and do not generally object to the protections Plaintiff requests. I therefore order that Plaintiff's production of the tax returns be governed by the confidentiality provisions of Plaintiff's proposed agreement (Doc. 58-1 ¶¶ 1, 3–6, 8–10, 12–15), except that "thirty (30) days" in paragraph 6 shall be amended to be "fourteen (14) days."

I further find that all parties' positions on the motion were partially justified and therefore that fee shifting under Rule 37(a)(5) would be unjust. I deny Defendants' motion for fees.

### III. Plaintiff's Motion to [Partially] Modify the Case Management and Scheduling Order (Doc. 60)

Also before the Court is Plaintiff's Motion to [Partially] Modify the Case Management and Scheduling Order (CMSO). (Doc. 60.) Plaintiff seeks to extend by two months several deadlines, including the deadline to produce Plaintiff's expert report. (*Id.*) The motion does not seek to extend the deadline for trial or for various pretrial filings or hearings. (*See id.*)

I held a hearing on the motion on August 7, 2024. At the hearing, Plaintiff explained that its damages expert required information about the commercial dealings between its prior business partners and Defendants, to determine the damages caused by Defendants' alleged tortious interference with those relationships. The parties agreed that eight subpoenas issued by Defendants to third parties in early May sought the information at issue but

4

that the third parties' responses to the subpoenas (due in June) had not yet been provided.

At the hearing, Defendants voiced their objections to the motion to modify the case management schedule, explaining that Defendants would be prejudiced by any delay in trial.[1]

A scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). I find Plaintiff has shown good cause to modify the CMSO. I find that the overdue subpoena responses are necessary to Plaintiff's expert report. I find that Plaintiff did not cause the third parties' failure to timely respond to subpoenas. I further find that, as Plaintiff does not seek to move the trial date, and as Plaintiff proposes to extend the interim deadlines equally for Defendants and Plaintiff, Defendant will not be unfairly prejudiced by Plaintiff's request. However, sensitive to Defendants' concern, and to avoid any further extensions that might disrupt the trial date, the Court will hold an in-person hearing to address any overdue subpoena responses that might further delay this case.

---

[1] Defendants also noted that they would object to Plaintiff withholding other discovery response material on the basis of any extension of the expert disclosure deadline.

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Compel Production of Locked Offroad's Tax Returns (Doc. 57) is **GRANTED in part and DENIED in part**.

    a. On or before August 21, 2024, Plaintiff shall produce the tax returns it filed from 2018 to the present.

    b. The parties shall treat Plaintiff's tax returns in accordance with the confidentiality provisions of Plaintiff's proposed order (Doc. 58-1), with paragraph 6 modified as stated above.

    c. Defendants' request for fees pursuant to Federal Rule of Civil Procedure 37(a)(5) is denied.

2. Plaintiff's Motion to [Partially] Modify the Case Management and Scheduling Order (Doc. 60) is **GRANTED**.

    a. The deadlines are extended as follows:

        i. Plaintiff's Expert Reports: October 1, 2024;

        ii. Defendants' Expert Reports: November 1, 2024;

        iii. Rebuttal Expert: November 15, 2024;

        iv. Discovery Deadline: December 2, 2024;

        v. Dispositive, Daubert, and Markman Motions: January 3, 2025.

    b. All other deadlines will remain in effect.

3. The Court will hold an in-person hearing on September 9, 2024, at 9:00 AM, in Courtroom 11A to discuss the status of any overdue subpoena responses that may impact Plaintiff's ability to produce its expert report. Pursuant to the All Writs Act, both parties and third-parties whose subpoena responses are outstanding and overdue shall appear.

   a. The parties are directed to notify the Court, on or before August 8, 2024, of the names of the third parties whose responses to the subject subpoenas are overdue.

   b. The parties are also directed to notify the Court if, prior to the hearing, a third party fully complies with the subpoenas, so that the Court can excuse that third party from attending. If all subpoena obligations have been discharged prior to the hearing, the hearing will be canceled.

**DONE** and **ORDERED** on August 8, 2024.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

7